162263, Direct Auto Returns Company, D.C. 116. Good morning. My name is Bill Rasm. I represent the Appellant's Company. Thank you for your time. Thank you, sir. Good morning. Joseph Korn. I represent the defendant that believes Lucretia Walls in the election winters. But I raise the argument that we have to follow the defendant's appellate's opinion. Thank you, Mr. Korn. And, Counselor, do you have some time for rebuttal? Yes. Lovely. All right. You may proceed then, Counselor. Thank you. Again, good morning, Your Honors. This case involves a declaratory judgment action that Direct Auto filed seeking a finding that it didn't owe coverage to Angela Reed for breach of the cooperation clause when she failed to appear at an arbitration proceeding. The death action went to trial back in June, and at the conclusion of the plaintiff's case in chief, the defendants there moved for judgment pursuant to Section 21110 of the Illinois Code of Civil Procedure. The trial court initially denied that motion, but when presented with the case of United v. Buckley, they reconsidered and entered judgment in favor of the defendants. There's a couple issues in this case, Your Honor. The first one is whether the plaintiffs at trial showed any evidence of prejudice and made a prima facie showing of prejudice. The other one was whether the trial court erred in applying United v. Buckley and determining that United v. Buckley stood for the proposition that substantial prejudice could not be shown in the entry of a debarring order in the underlying case. Let's talk about the standards of review on both of those issues, Counselor. Yeah, I was going to talk about that a little bit, Your Honor. The standard of review, there can be two standards of review when we're talking about a motion pursuant to 21110. Now, we have proposed that the standard of review is de novo. I know the defendants have said it's against manifest weight of the evidence. And the way to look at this is when you get a motion for 21110, the court makes a two-step analysis of whether to grant that. The first analysis is whether there is any prima facie showing of all the elements of the case. In the case of a non-court cooperation case, you're very familiar that you have to show diligence, willful refusal by the insurer, and, of course, substantial prejudice. And the only issue really here is substantial prejudice, right? That's correct. But as far as the standard of review goes, if the court never finds that there are prima facie case made on all the elements, then the standard of review is de novo. But as far as the sufficiency of the evidence? Well, that's the second step. Yeah. That's the second step, Your Honor. And if the court then finds that there's been evidence shown or prima facie evidence shown for each of the elements, then it goes on to a second step of its analysis, in which it weighs all the evidence that's been presented by the plaintiff, weighs credibility, takes any evidence that may be favorable to the defendant, and makes a decision whether a judgment can be entered in favor of the defendants at that point. And that's de novo as well? No. If the court does that, if it gets to that point, then it's against the manifest rate of the evidence. And I think that's where the confusion is in this case. In this case, the court made certain findings, and as Justice Smith pointed out, the only real issue is whether there was showing of any evidence of substantial prejudice. Because of that, we contend that the standard of review is de novo. On the other hand, the defendants disagree, and they believe the standard of review is against the manifest rate of the evidence.  I'm sorry, go ahead. What do you see in terms of the debarments as it affects these cases? Well, I think the debarment greatly affects these cases. Initially, the trial court held that the debarment showed substantial prejudice to the insurance company. And the reason that was is because the insurance company was then cut off at that point, making any other presentation of their case. So they were prejudiced in that they couldn't show any other evidence in the case, especially the testimony of their insured read. And so I believe that showed substantial prejudice. And the court was ready to make that ruling until it was the case of United Purchase. Because Buckley was presented to them. And I don't believe, I believe the court erred in applying United versus Buckley because the Buckley case doesn't say anything about the debarring order. Let's talk about that. Is it your position that the debarment order automatically shows prejudice? Whenever there's a debarring order, there's prejudice. I believe it depends on why the debarring order was granted. In this case, it was granted purely because there was a 237 notice out there. She wasn't present at it. The plaintiffs of the underlying case, the defendants here, moved that she should be debarred. Right. So you say the debarment shows prejudice. Is that your position? That is my position because it cuts off then from direct auto being able to prevent any. And you don't think you have to show that you would have won that trial? Well, I think that, well, that is a good question because in this case, obviously there's a lot of evidence that Ms. Reed would have disputed what happened in the underlying case. Well, it's not. You're calling it a lot of evidence, but the court found it insufficient evidence to show that Ms. Reed's testimony would have changed the outcome of the arbitration. Right? That's what the trial court held. Exactly. And that's one of the issues that I just pointed out, I believe, is before this Court, is that there was a showing, and we're talking, let's remember, I don't want to accept your broad pronouncement that the court didn't find, well, I guess I do accept your broad pronouncement that the court didn't find any evidence because it granted that part of the 21110 motion. But you did present some evidence on that. You had Mr. Swopes and you had Mr. Torillo. Torillo. And he said, I looked at that, that doesn't convince me that there's prejudice shown and that the outcome would have been different. You did present some evidence on that. We did present some evidence on that, but I believe the court found that there was no prima facie finding that On what do you say that? I know that you say that because you wanted to know the standard of review, but on what basis do you say he didn't look at this and go, that doesn't convince me? Well, I say that on the bystander's report that we presented as part of the record. The bystander's report, of course, was drafted. It was amended based on the defendant's motions regarding it. The trial court reviewed it and reconciled it. He said, all it says in the bystander's report is Mr. Torillo's testimony contributed nothing to the issues to be determined. That doesn't say to me that the court said, I don't find they made a prima facie case, because you also had Mr. Schultz. I think it's clear that he didn't find it sufficient. Mr. Schultz wasn't the trial lawyer. He wasn't there at the arbitration. He didn't find it sufficient. But you did present some evidence, and I think a fair review of this, is he didn't find it to be enough. Yeah. I respectfully disagree. I believe you haven't read the part of the bystander's report that I think is important, which says, and I'm paraphrasing because I don't have it in front of me, the court found that there was a prima facie showing of willful refusal. Right. And then the next sentence says they did find a showing of substantial prejudice. And I believe that shows that the court did not find a showing, a prima facie showing of substantial prejudice. It doesn't say that. And it does not say that in the bystander's report. I'm just telling you now. It doesn't say anything about whether he did or didn't find a prima facie showing. It just says, all it says is that he said Mr. Torello's testimony contributed nothing. And this is based on bystander reports, not the record. That's true. The bystander report, of course, can be substituted in for the record. The parties and the trial court had a chance to review it, amend it, certify it, and that's what they presented. And as far as a bystander report that says about Mr. Torello, it does say that Mr. Torello's testimony contributed nothing. But the judge didn't make that finding as far as Mr. Strobes. Counsel, can I ask you the term substantial prejudice? It's used in Buckley, correct? Substantial prejudice, yes. What's the test or what does the court look at to determine substantial prejudice? Well, in this case. Under the case law, is there a case that tells the court what to look at to find substantial prejudice? Oh, sure. MF v. Mutual v. Cheeks said if it was hampered in defense of a case, the Founders v. Sheik case that I cited in my brief also says similar things. But it extends it out a little further. But what we're talking about here in this case is hampered in defense of the case. So I don't want to, you know, the other parts that, you know, investigation of the claimant and stuff like that aren't important for us here. So there are cases. Following up on Justice Conner's question, doesn't it require the insurer to show some possibility or probability that the outcome would have been different if you'd had access, if you'd had the cooperation you say you don't have? I think it does show that the outcome possibly would have been different. You know, let's not forget in this case that there was pleadings put in this case in which the claimants were claiming that both drivers of the vehicles were negligent. There was also pleadings put in this case that Mr. Swope's file, including affirmative defenses and contributory negligence, in answer that denied the allegations in the complaint. And I can see you looking specifically at that. I'm wondering if that's a part of the record. I know that Mr. Swope's deposition was before the Court, but I don't know that those pleadings are part of the record in this case. Well, but Mr. Swope's testimony regarding them are part of the record in this case. And Mr. Swope's wasn't at the arbitration itself, correct? No, but he did draft the pleadings and such, and he interviewed Ms. Reed regarding what happened. He said he didn't remember he interviewed Ms. Reed. I believe that's what he said in his deposition. I believe what his testimony in his deposition was that the pleadings that he prepared were consistent with what Ms. Reed told her. I believe that's in his evidence deposition in this case. Now, if you look at the Buckley case, the Buckley case, certainly when they talked about substantial prejudice, considered the effect of pleadings in that case or lack thereof as having a bearing on substantial prejudice. The Court there noted that Buckley never filed an answer. When a defense counsel was appointed on behalf of Buckley, they didn't file an answer. And so by Operation Wild, they admitted it. Now, the Buckley case can analyze substantial prejudice looking at the pleadings. Certainly what's good for the goose is good for the gander, and this Court can do likewise and look at what the pleadings were in that case to determine whether there was substantial prejudice. And all the pleadings in the case indicate there was a real open question as to negligence in this matter. The defendants, don't forget, sued both drivers and filed complaints. I'm sure the counsel who filed the complaints against both drivers consistent with Rule 137 and believe that those reasons and their facts allow them to sue the other driver of the vehicle for negligence, Your Honor. Can we go back for just a minute to Justice Simon's question about the effect of the debarring order? What is the basis for your argument that the debarring order automatically should show prejudice? Well, in this case, you can't just, I guess saying automatically is a little bit too broad. In this case, we know that Angela Reed, both based on the investigation and the pleadings in this case would have disputed that she was at fault in the case, much like the flip side of Buckley. If you had really made that showing at trial, then the trial judge should have said you made a showing of substantial prejudice. He found that you didn't. Exactly, and I believe he erred based on this record. How does the debarring order help? That's my question. You either made or you didn't make that showing. Her testimony would have made all the difference. Let's assume that you didn't make that showing because that's what the trial court said. Right. How does the debarring order help you? Well, the debarring order cuts off the direct's ability to further present any defense in defender's case, and it's done purely for a reason not because of any facts that may show negligence or not negligence, but purely for a technical reason that she did not show up. Her act of not showing up stopped direct's ability to further defend this case, and I believe that shows prejudice to direct. It was Reid's actions in failing to comply with the rule 237 that cut off direct's right. And I have one more question because as I read the debarring rules and the rules on arbitration, if your lawyer is present, you shouldn't be automatically debarred. So why was she debarred? Do you know? Were you involved in that? Yeah. That I can't say. I was not the underlying defense counsel. But I might write that if her lawyer is present, she shouldn't be debarred. I guess it's because she had to, because there was a subpoena for her testimony. Is that why? Well, there was a 237, and that's the reason why. But it should be noted, and I believe it's part of the record, that in the underlying case there was no finding that there was bad faith participation, unlike Buckley where there was such a finding of bad faith participation. So, you know, it is curious that a debarring order, which is, you know, should be put in place to somehow make sure that justices served or the plaintiffs who are moving through the debarring order aren't prejudiced in any way because of her absence pursuant to the 237 notice can then be used to cut off the insurance company's right to show prejudice in any way. Counsel, I saw a few. Anything further? No. Thank you. Thank you very much. Mr. Korn. Thank you, Your Honor. May it please the Court, counsel, the question presented today is can substantial prejudice be shown solely by the entry of a court order debarring the rejection of an arbitration award when direct auto has presented no evidence that they were dependent upon Angela Reed for a full and complete disclosure of the facts or the presentation of a defense? Well, you also have to question whether the trial court erred in finding that they didn't make a showing of substantial prejudice in the arbitration itself. Correct, Your Honor. We do have a showing that no substantial prejudice at the arbitration hearing itself, but they presented no evidence of any prejudice at the trial of this case. Well, then do you agree it's de novo? Did they present no evidence or did they present insufficient evidence? I apologize, Your Honor. They presented insufficient evidence because the court did initially find, first of all, that there was noncooperation. Then it said while it did not feel there was prejudice at the hearing itself, it determined on its review that prejudice was shown by the entry of the debarring order. Then it reconsidered its ruling upon review of Buckley and determined that, no, in fact, that alone cannot serve as substantial prejudice. So I believe that it's the manifest weight of the evidence that's the appropriate standard because the court considered everything. It considered the evidence that was presented. It considered the evidence of the debarring order in terms of substantial prejudice, and it made a specific determination that was not sufficient in this particular case. That is why I believe manifest weight of the evidence is the appropriate standard. Counsel, what's your strongest case for your argument about substantial prejudice in the debarring order? Well, I do believe Buckley is the strongest case. It may not be directly on point, but it is very, very similar to this situation. As in Buckley, Ms. Reed was cooperative throughout the litigation process. She cooperated with her attorneys. They were able to prepare pleadings. None of the pleadings were submitted into evidence, so we don't know what they showed, but she did cooperate with that. There were no motions against her in regards to discovery. She appeared for a deposition. All of this is strikingly similar to Buckley. The only major difference with Buckley is the fact that no answer was filed, and at the subsequent trial, Buckley admitted fault. However, the court said or indicated that wasn't the only basis. It found there was no substantial prejudice. There were also five witnesses disclosed on the police report the defendant in Buckley could have called to support its facts and evidence at the arbitration hearing that took place. That's almost exactly what we have here. It may be a two-vehicle accident, but none of the plaintiffs were the drivers of either of the vehicles involved in the crash. Well, that's a little unfair to the insurance company. They think she's going to show up. She doesn't show up. They prepared their case based on thinking she's going to show up. They don't need to have an alternative way to put on their case when they think she's going to show up and then she doesn't. They don't have to have an alternative in place, but I do believe you have to cover all your bases. In addition, I believe it's speculative to say that the testimony of my plaintiffs, Rawls and Winters, who were in the Reed vehicle, would have been contradictory to Ms. Reed's testimony about her driving or what the other vehicle did before and at the time of the accident. There were other ways the defense attorney at the arbitration hearing could have proved up their defenses in their case. Unfortunately, we don't know how Ms. Reed's absence from the arbitration actually affected the hearing because we have no testimony from that attorney. And that burden's on them, not on you. That is correct, Your Honor. So procedurally, what happened the day she didn't show up? Was there a request for another date? No, there was no request for another date. At that time, it would have been too late to do so. The arbitration proceeded. All attorneys, including Ms. Reed's attorney, made opening statements. All the witnesses present testified. Ms. Reed's attorney had the opportunity and did, in fact, conduct thorough cross-examinations of every single witness who testified at the hearing. She made a closing argument. The only thing that changed in regards to the presentation of the case is Ms. Reed did not testify, and a request was made to note on the award that she did not appear pursuant to badly served Rule 237B, Notice to Produce. Did Mr. Swope have any follow-up on this? Any follow-up in regards to why she did not appear? My understanding from Mr. Swope's testimony in the evidence deposition, as well as the pleadings he prepared in response to the motion to debut our rejection, is that he spoke with both Ms. Reed and her husband, and they advised him that they were instructed not to appear at the hearing by somebody from Direct Auto. That is disputed, but those were the explanations he was given. Take us back to Justice Conner's question of the standard of review. To the extent that you're asking us or Direct Auto is asking us to review the impact of a debarring order, isn't that a legal question where our review is de novo? If the debarring order were at issue, I would say yes, Your Honor. Unfortunately, there was no appeal taken from the entry of that specific debarring order. No, but to the extent Direct Auto asked the court to find prejudice simply by virtue of a debarring order, and you said, no, no, Judge, Buckley says don't do that, isn't that a legal question? I think it's a combined legal and fact question because it's dependent upon what actually took place on the hearing, whether there was actually substantial prejudice or not. There is no case that says a debarring order can serve as substantial prejudice anywhere that I have found. Cannot, you say, cannot. I cannot find anything. That says that the debarring order can't or can. There's no case other than Buckley and the Rule 23 case that you should not have cited that really talk about that. That is correct. Okay. And Buckley doesn't really directly address it. So if the debarring order alone were enough to create prejudice, then Buckley would have come out the other way. Correct. That is my belief, Your Honor, yes. I do believe Buckley, the court that ruled upon Buckley, had every opportunity to say, you know what, they were prejudiced by the fact they were debarred from rejecting and proceeding further. However, the court chose not to take that step. The reasoning behind that, I can only speculate. But, again, it comes down to, were they substantially prejudiced in the defense of their claims at the arbitration hearing? In Buckley, the court specifically found, no, they weren't for the reasons I indicated. There were other opportunities. In addition, the court indicated they had received all the damages materials in the required 90C packages and had an opportunity to prepare a defense to the claims on damages, which is also what we have in this particular case. Because of that, there were other ways to defend the case. They were able to put on a defense at the hearing, and substantial prejudice was not found in that matter. Counsel, anything further? If I could, I'd just like to briefly conclude. I don't believe direct auto has proven Reed's non-cooperation, hampered the defense that was presented at the arbitration hearing, and also has not shown the trial court's determination to be unreasonable, arbitrary, or not based on the evidence. And for that reason, the judgment of the trial court should be affirmed. Counsel, thank you. Thank you. And your three minutes. I'm trying not to take up all three minutes. First of all, concerning Buckley, I know just noted that Buckley could have come out differently if a divine order did what we're seeking it to do. But I think if you read Buckley carefully, that was never taken up by the Buckley court. So extending it there, or saying that it somehow has an impact on this case, that it should be applied to this case, I don't think it is proper. All that Buckley did as far as the 237 divine order was address United's claim that there should be estoppel with a refusal. As far as Buckley goes, I think it actually supports this case when you look at the two things that the Buckley court looked at, both on the pleadings and what Buckley would have testified to at that arbitration if he had been allowed to. And I think if the Buckley case is looking at those two things, this court should look at those as well. And I believe in both the pleadings and from everything we know about what Reed would have testified to, there has to be a finding of substantial prejudice. So with that, I would just ask this court to vacate the June 29, 2016 judgment order in favor of the defendants and amend this to the court for further proceedings consistent with your order. Thank you. Thank you, gentlemen, for your argument here today. Well done. And we'll take it under advisement. You'll be hearing from us shortly. Thank you.